UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WODIFY TECHNOLOGIES, LLC, a Delaware limited liability company; and AMEET SHAH, an individual;

Plaintiffs,

vs.

TAHOE BEACH CLUB, LLC (D/B/A/ TAHOE BEACH CLUB), a Nevada limited liability company,

Defendant.

Case No. 3:25-cv-00522-ART-CLB

ORDER ON DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT (ECF No. 13)

Plaintiffs Wodify Technologies, LLC ("Wodify") and Ameet Shah ("Shah") bring this action against the Defendant Tahoe Beach Club alleging breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, intentional infliction of emotional distress, violation of the right to make and enforce contracts under 42 U.S.C. § 1981, and violation of the Nevada Deceptive Trade Practices Act, NRS § 598.0901. (ECF No. 1.) On November 12, 2025, the Clerk entered default against Defendant. (ECF No. 9.) Plaintiffs filed for default on February 13, 2026. (ECF No. 12.) Before the Court is Defendant's motion to set aside default judgment. (ECF No. 13.) For the reasons discussed below, the Court grants Defendant's motion to set aside default.

## I. BACKGROUND

Plaintiffs filed the complaint in this action on September 24, 2025. (ECF No. 1.) The record reflects that Defendant returned the executed summons on October 1, 2025. (ECF No. 5.) Defendant, however, never filed an answer or a responsive pleading. On October 29, 2025, Plaintiff moved for an entry of default against Defendant. (ECF No. 8.) On November 12, 2025, the Clerk entered default against Defendant for failure to plead or otherwise defend in this action. (ECF No.

9.) Plaintiffs filed their motion for default judgment on February 13, 2026 (ECF No. 12) and Defendant then filed this motion to set aside default on March 4, 2026 (ECF No. 13). Plaintiffs opposed. (ECF No. 14.)

**II. LEGAL STANDARD FOR VACATING DEFAULT JUDGMENT**

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citation omitted). Courts consider three factors to determine good cause: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010). In deciding whether to set aside a default judgment, courts are guided by two concerns: Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied; and judgment by default is a drastic step appropriate only in extreme circumstances. *MetroPCS v. A2Z Connection, LLC*, 2018 WL 3785384, *5 (D. Nev. Aug. 9, 2018) (citing to *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

**III. ANALYSIS**

**a. Culpable Conduct**

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (internal citations omitted) (emphasis in original). "Intentionally," in this context, means the defendant acted in bad faith "to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *Sundance Media Group, LLC v. Yuneec USA, Inc.*, No. 2:18-cv-0388-APG-PAL, 2018 WL 6435887 at *1 (citing *TCI Grp. Life. Ins. Plan v.*

*Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). A defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

Defendant argues that the delay in responding was the result of an "internal administrative breakdown and misrouting of the CT transmittal," meaning that the summons did not reach those authorized to address legal matters before the responsive pleading deadline. (ECF No. 13 at 3.) It claims that it did not learn of the lawsuit constructively or actively until February 25, 2026, and then promptly retained counsel and filed this motion on March 4, 2026. (*Id.* at 4.) Citing *Vistancia Development, LLC v. Preston* for the proposition that failing to update an email or mailing address is culpable conduct, Plaintiffs argue that although there was an administrative breakdown, its mailings still constitute "actual and constructive notice." 2022 WL 2159053, at *4 (D. Ariz. Jun. 15, 2022). (ECF No. 14.) Further, Plaintiffs claim that Defendant should have known that litigation would commence based on pre-litigation settlement discussions. (*Id.* at 5.) They also claim that Defendant's failure to respond was intentional because it has failed to provide a sufficient explanation otherwise. (*Id.*)

The Court finds that Defendant's conduct is not culpable. *Vistancia*, for one, applies Arizona law as to the rules of service. 2022 WL 219053 at *3. Even if Defendant received actual and constructive notice under prevailing case law, it did not act with "devious, deliberate, willful, or bad faith failure to respond." Defendant does not argue that the methods by which Plaintiffs attempted to serve the summons and complaint were inaccurate; it states that the internal company email address failed to deliver the materials as a result of an administrative error. (ECF No. 15 at 4.) This is a sufficient explanation to show that its actions were not intentional.

Therefore, the Court finds that the Defendant's conduct is not culpable.

**b. Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily high." *Las Vegas Sands Corp.*, 2016 WL 447481 at *3 (citing *Mesle*, 615 F.3d at 1094). "The question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default," which would be the subject of later litigation. *Mesle*, 615 F.3d at 1094.

Defendant plans to set forth a defense arguing that it acted within its rights pursuant to the Membership Agreement ("Agreement") between Plaintiffs and Defendant. (ECF No. 13 at 5.) Defendant claims that the Agreement explicitly provides that membership is revokable and that Defendant acted within its authority and discretion in considering the suspension of Shah's membership. (*Id.* at 6.) Defendant also argues the Agreement states that Shah will "release and agree to hold" Defendant "free and harmless, from, against and with respect to any and all claims . . . arising out of or incident to membership privileges," (*id*) and that therefore, Plaintiffs waived their right to bring the claims described in this suit. Plaintiffs dispute the merits of the defense, which is not the standard at a motion to set aside default. Taking its allegations as true, Defendant has presented sufficient argument for a meritorious defense to set aside default judgment.

**c. Prejudice to the Opposing Party**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Las Vegas Sands Corp.*, 2016 WL 447841 at *4 (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001)). The delay must result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Group*, 244 F.3d at 701.

Defendant argues that because no litigation milestones have been affected, there has been no prejudice to Plaintiff. Plaintiffs argue that the costs incurred in filing its motion for default judgment and response to the present motion amounts to prejudice. "Incurring the costs in litigating the default" does not amount to prejudice. *TCI Group*, 244 F.3d at 701. The Court finds this factor weighs in favor of setting aside judgment.

The Court will therefore set aside the default judgment.

## IV. CONCLUSION

It is therefore ordered that Defendant's motion to set aside the Clerk's entry of default judgment (ECF No. 13) is GRANTED.

It is further ordered that Plaintiffs' motion for default judgment (ECF No. 12) is DENIED.

Dated this 17th day of August, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE